IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NATHAN D. GILLIARD,           )
                              )
        Plaintiff,            )
                              )
v.                            )    Civil Action No. 3:12-cv-00181
                              )
INGLES MARKETS, INC.,         )
                              )
        Defendant.            )

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO WITHDRAW AS COUNSEL**

## INTRODUCTION

For the reasons set forth in the instant memorandum of law, counsel for Plaintiff Nathan D. Gilliard, Outten & Golden LLP ("O&G"),[1] respectfully request that the Court permit them to withdraw as counsel in this action. Defendant Ingles Markets, Inc. ("Ingles") does not oppose this motion.

## FACTS

On April 17, 2012, Plaintiff, a co-manager at Ingles, filed a complaint bringing the Fair Labor Standards Act ("FLSA") claims on his own behalf and on behalf of other similarly situated co-workers. ECF No. 1 (Complaint) ¶¶ 19-54. Plaintiff alleged that he was classified as a non-exempt employee, that he was not compensated at time-and-a-half of his regular rate of pay for all overtime hours worked, and that Ingles maintained a policy of not paying him his regular salary if he worked less than 36 hours in a week. *Id.* at ¶¶ 2, 31, 32. These allegations were based on information provided to O&G by Plaintiff. Declaration of Justin M. Swartz in Support of Motion to Withdraw as Counsel ("Swartz Decl.") ¶ 5.

Prior to filing the Complaint, O&G[2] sent Ingles a letter explaining Plaintiff's claims and inviting a pre-suit dialogue. O&G did not receive a response to its letter. Swartz Decl. ¶ 6. After the Complaint was filed, counsel for Ingles sent a letter to O&G demanding that Plaintiff withdraw his complaint and threatening sanctions, stating that Ingles classified Plaintiff and other co-managers as exempt employees, not non-exempt employees as Plaintiff alleged in his complaint, and denying that it ever paid him less than his full weekly salary. Swartz Decl. ¶ 7 &

---

[1] In addition Lieff, Cabraser, Heimann & Bernstein LLP, which is acting solely as local counsel for O&G in this matter, also seeks to withdraw.
[2] Two attorneys from O&G, Justin M. Swartz and Juno Turner, have appeared *pro hac vice*. ECF No. 6.

Ex. A.  Ingles provided documents in support of its position.  Swartz Decl. Ex. B.  Following receipt of Ingles' letter, O&G attempted to negotiate a settlement for Plaintiff and the three other individuals who had filed Consent to Join forms since the case was filed.  Swartz Decl. ¶ 9.

O&G came to understand that the theory of the case on which Plaintiff had based his allegations was not viable.  Swartz Decl. ¶ 10.  Accordingly, O&G executed a stipulation with Ingles withdrawing the collective allegations from Plaintiff's complaint.  ECF No. 23.  The Court so-ordered the stipulation on September 24, 2012.  ECF No. 24.  Ingles then filed an Answer, ECF No. 25, and the Court entered a scheduling order.  ECF No. 26.  On November 8, 2012, counsel for the parties held a Rule 26 discovery planning conference.  Swartz Decl. ¶ 12.  The close of discovery is currently set for October 6, 2013, and trial for November 5, 2013.  ECF No. 26.

During this process, communication with Plaintiff became increasingly difficult for O&G.[3]  Swartz Decl. ¶ 14.  In addition, O&G has had substantial disagreements with Plaintiff in terms of the claims to be asserted, including whether certain claims should be added.  *Id*.  At this time, we are concerned about O&G's ability to proceed effectively with his representation and whether there is a reasonable possibility that Plaintiff's claims can be sustained.

During the discovery planning conference, counsel for Ingles informed O&G that it intended to pursue sanctions if Plaintiff continued to pursue his claims.  Swartz Decl. ¶ 15.  On November 19, 2012, Ingles sent O&G a letter detailing its intent to move for sanctions under Fed. R. Civ. P. 11 ("Rule 11") unless Plaintiff withdrew his complaint within 21 days.  Swartz Decl. Ex. C.  O&G provided Plaintiff with a copy of the Rule 11 letter, and also requested that he

---

[3]  In order to avoid revealing information protected by the attorney-client privilege, O&G has refrained from setting forth in detail the content of its communications with Plaintiff, but can provide them for *in camera* review should the Court so desire.

provide certain information necessary for completion of his initial disclosures. Swartz Decl. ¶ 16. Plaintiff wishes to proceed with his claims despite the threatened sanctions, and has not provided the information requested.[4] *Id.*

**ARGUMENT**

The Court should permit O&G to withdraw as Plaintiff's counsel. Courts evaluating motions to withdraw as counsel "look[] to the rules governing professional conduct for guidance." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009). Although the "rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Id.*

Tennessee Rule of Professional Conduct ("RPC") 1.16 governs the termination of representation. Rule 1.16(b) provides that an attorney "may withdraw from representing a client if," *inter alia*, "withdrawal can be accomplished without material adverse effect on the interests of the client," or "the client insists upon taking action that the lawyer considers repugnant or imprudent[.]"

Here, there will be no materially adverse effect on Giliard's interests by permitting O&G to withdraw. The discovery period runs until October 6, 2013. The sole impending discovery deadline is the exchange of initial disclosures; and Plaintiff has refused to provide O&G with the information necessary to complete them. Swartz Decl. ¶ 16. Although permitting O&G to withdraw would leave Plaintiff without counsel, "this does not amount to severe prejudice." *Brandon*, 560 F.3d at 538. Moreover, O&G has already provided Plaintiff with a list of local plaintiff-side employment attorneys to help him find replacement counsel. Swartz Decl. ¶ 17.

---

[4] Ingles has indicated that, in light of the present motion, it will refrain from pursuing a sanctions motion until January 15, 2013, and will consent to extend the deadline for exchange of initial disclosures until that time as well. Swartz Decl. ¶ 18.

3

Case 3:12-cv-00181-RLJ-CCS   Document 29   Filed 12/19/12   Page 4 of 6   PageID #: 202

In addition, Plaintiff's insistence on pursuing his claims is, in O&G's view, imprudent. *See* RPC 1.16(b)(4). Information provided by Ingles during the course of the parties' negotiations makes clear that Plaintiff's original theory of the case – that Ingles classified him as a non-exempt employee and failed to pay him overtime premiums for all hours worked over 40 in a given workweek – is untenable. Moreover, O&G does not believe that amending the complaint to assert a claim that Ingles improperly classified him as an exempt employee is prudent or appropriate under the circumstances. These concerns are made all the more pressing by Defendant's threatened motion for sanctions under Rule 11, but Plaintiff insists on proceeding. O&G should not be compelled to represent him on claims about the merits of which O&G harbors severe concerns and in the face of a sanctions motion.

Moreover, O&G cannot continue to represent Plaintiff in accordance with his instructions because O&G and Plaintiff have substantial disagreements about the claims to be asserted, and over whether certain additional claims should be made. Swartz Decl. ¶ 14.

Finally, communication has broken down between Gilliard and O&G, which hampers O&G's ability to zealously advocate for him. Swartz Decl. ¶ 14. For this reason as well, Gilliard would be better served with other counsel.

## CONCLUSION

For the reasons set forth above, counsel for Plaintiff respectfully request that they be permitted to terminate their representation of Plaintiff.

Dated: New York, New York
December 19, 2012

Respectfully submitted,

*/s/ Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Attorneys for Plaintiff**

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth Alexander
150 Fourth Avenue, North, Suite 1650
Nashville, Tennessee 37219-2423
Telephone: (615) 313-9000

**Local Counsel for Plaintiff**

5